UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE WANG,<br><br>              Plaintiff,<br><br>   v.<br><br>CITY OF CUPERTINO, et al.,<br><br>              Defendants. | Case No. 22-cv-06822-VKD<br><br>**SCREENING ORDER RE PLAINTIFF'S AMENDED COMPLAINT**<br><br>Re: Dkt. No. 7 |

On November 8, 2022, the Court granted plaintiff Jane Wang's application to proceed in forma pauperis and screened her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dkt. No. 5. The Court stayed service of process and gave Ms. Wang leave to file an amended complaint to correct certain deficiencies identified in the November 8 order. *Id*.

Ms. Wang timely filed an amended complaint on December 8, 2022. Dkt. No. 7. The amended complaint now names only two defendants: the City of Cupertino and Phillip Willkomm. Additionally, Ms. Wang no longer asserts claims under 18 U.S.C. § 41 and 18 U.S.C. § 242, the criminal statutes for which the Court found there is no private right of action. The amended complaint asserts eight claims for relief, most of which appear to be based on alleged violations of Ms. Wang's civil rights. *See* Dkt. No. 7 ¶¶ 18-54. The amended complaint still includes a list of various laws and statutes, the relevance of which is not clear based on the allegations as currently pled. *See id*. ¶ 55. Nevertheless—with the exception of the third claim for relief (discussed below)—to the extent there is a reason why Ms. Wang cannot proceed with her other claims as currently pled, the Court would be aided in resolving such matters through a full and fair adversarial process with input from all parties. The Court therefore presently is inclined

to order service of process on the defendants, with the exception of the amended complaint's third claim for relief.

The amended complaint indicates that the third claim for relief is based on alleged "[v]iolations of Federal Tort Act 32CFR." *See* Dkt. No. 7 at 5. This claim was not previously asserted in Ms. Wang's original complaint, and the legal basis for this claim is unclear. To the extent Ms. Wang's reference to "Federal Tort Act" means the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, there does not appear to be a cognizable basis for such a claim. The FTCA provides that the United States may be held liable in tort for the actions or omissions of its employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also id.* § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . .."). It remains unclear who Mr. Willkomm is, or what role he may have played in the events that are the subject of Ms. Wang's amended complaint. However, as currently pled, the amended complaint appears to be based on matters concerning the City of Cupertino. There is no indication that Ms. Wang's allegations have anything to do with the United States, the federal government, or any federal employee. Nor does it appear that she could plausibly amend her complaint to state facts asserting a claim for relief against any federal person or entity. Additionally, Ms. Wang's citation to "32CFR" is confusing. That citation suggests that she is referring to Title 32 of the Code of Federal Regulations, which concerns matters of national defense and has no relevance to Ms. Wang's allegations.

Accordingly, the Court will stay service of process and give Ms. Wang a further opportunity to amend her complaint, limited as follows: Ms. Wang is given leave to amend solely to (1) clarify the basis for her third claim for relief and (2) identify who Mr. Willkomm is and state facts indicating why he is liable for the alleged illegal acts about which Ms. Wang complains. Ms. Wang's amended complaint shall be titled "Second Amended Complaint" and must be filed no later than **January 6, 2023**. If Ms. Wang chooses not to pursue her third claim for relief, she may drop that claim from her second amended complaint, but the second amended complaint must still

1  clarify who Mr. Willkomm is.  If Ms. Wang does not file a second amended complaint in response
2  to this order, the Court will recommend dismissal in part of the December 8, 2022 amended
3  complaint.

4  Ms. Wang is reminded that she may contact Haohao Song at the Pro Se Program for
5  assistance.  Information regarding the Program can be found at https://cand.uscourts.gov/pro-se-
6  litigants/the-federal-pro-se-program-at-the-san-jose-courthouse/.  The Program's hours are
7  Monday to Thursday, 9:00 am to 4:00 p.m.  Assistance is provided by appointment and on a drop-
8  in basis.  Appointments can be scheduled by (1) calling 408-297-1480 or (2) stopping by the
9  Federal Pro Se Program, Second Floor, Room 2070 at the United States District Court, 280 South
10 1st Street, San Jose, California.

**IT IS SO ORDERED.**

Dated: December 14, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge