**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

|  |  |
|---|---|
| JANE WANG,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF CUPERTINO, et al.,<br><br>        Defendants. | Case No.  22-cv-06822-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Re:  ECF No. 24] |

Plaintiff Jane Wang brings this action *pro se* against Defendants the City of Cupertino and Philip Willkomm.  Ms. Wang alleges that Defendants violated her rights when they fined her for, and ultimately removed, a playhouse in her backyard ("the Structure").  This is the fourth judicial action Ms. Wang has brought against the City concerning the Structure.  The three prior actions were filed in state court.  One has reached final judgment and two are ongoing.

Now before the Court is Defendants' motion to dismiss Ms. Wang's Second Amended Complaint.  Mot., ECF No. 24.  Ms. Wang opposes the motion.  Opp'n, ECF No. 34.  Defendants have filed a Reply.  Reply, ECF No. 35.  The Court previously determined that this matter was suitable for determination without a hearing.  *See* ECF No. 37.

For the reasons discussed below, the Defendants' motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to Ms. Wang's federal law claims.  The Court DECLINES to extend supplemental jurisdiction to Ms. Wang's state law claims.

## I.    BACKGROUND

### A.    First Structure

Ms. Wang is a single Chinese female who lives in Santa Clara County.  Second Am. Compl. ("SAC") ¶ 1, ECF No. 13.  In 2016, Ms. Wang had a "playhouse/shed" on her property.

1  SAC ¶ 2.

2   On September 15, 2016, the City of Cupertino issued Ms. Wang Notice of Violation

3  asserting that the playhouse violated a provision of the California Residential Code and several

4  provisions of the Cupertino Municipal Code.  Defs.' RJN Ex. CC ("Violation Not. (Sept. 15,

5  2016)"), ECF No. 24-1. [1]

6   Ms. Wang removed the playhouse sometime after December 2016.  SAC ¶ 2.

7   **B.** **The Structure at Issue in this Litigation and Fines**

8   Sometime after Ms. Wang tore down the playhouse, she built a new structure in her

9  backyard ("the Structure").  SAC ¶¶ 4-5, 7.

10   Between October 25, 2018, and December 16, 2018, the City issued Ms. Wang three

11  notices about the Structure.  The first notice informed her that the Structure violated provisions of

12  California Residential Code and Cupertino Municipal Code and directed her to correct the

13  violations by November 16, 2018.  Defs.' RJN Ex. EE ("Courtesy Not. (Oct. 25, 2018)").  The

14  second notice, which was dated November 20, 2018, stated that Ms. Wang had failed to correct the

15  code violations and directed her achieve compliance within 15 days.  Defs.' RJN Ex. FF

16  ("Violation Not. (Nov. 20, 2018)").  The third notice, which was dated December 16, 2018, stated

17  that Ms. Wang had still not achieved compliance and directed Ms. Wang to correct the violations

18  within 10 days.  Defs.' RJN Ex. GG ("Pre-Citation Not. (Dec. 16, 2018)").  The notice advised

19  that it would be Ms. Wang's "[f]inal advisement that compliance with the Cupertino Municipal

20  Code is required."  *Id.*  All three notices were signed by Phillip Willkomm, the Senior Code

21  Enforcement Officer in the City's Community Development Department.  Courtesy Not. (Oct. 25,

22  2018); Violation Not. (Nov. 20, 2018); Pre-Citation Not. (Dec. 16, 2018).

23   On January 8, 2019, the City issued an Administrative Citation for the violations.  RJN Ex.

24  HH ("Administrative Citation (Jan. 8, 2019)").  The citation imposed a total penalty of $16,800.

25  *Id.*; *see also* SAC ¶ 5.  The Administrative Citation was also signed by Ms. Willkomm.

26  Administrative Citation (Jan. 8, 2019), at 2.

27

28   [1] All exhibits to Defendants' RJN are filed at ECF No. 24-1.

United States District Court
Northern District of California

United States District Court
Northern District of California

### C.   Administrative Appeals

Ms. Wang appealed the citation.  SAC ¶ 6; *see* also Defs.' RJN Ex. II ("Admin. Citation Appeal Hr'g Req. Form").  The appeal was denied after a hearing before a mediator.  SAC ¶¶ 6-7; *see also* Defs.' RJN Ex. JJ ("Admin. Hr'g Result Notice").

Ms. Wang subsequently filed an administrative writ with the State Department of Fair Housing.  SAC ¶ 7.

### D.   First State Court Lawsuit

On May 10, 2019, Ms. Wang filed a Petition for a Writ of Mandate in Santa Clara County Superior Court.  Defs.' RJN Ex. A ("Pet. for Writ of Mandate").  The case was assigned case number 19cv347316.  *Id.*  The City cross-complained for nuisance abatement of the structure and to enforce payment of the administrative fine.  Defs.' RJN Ex. B ("Cross-Compl.").

The City moved for summary judgment on June 10, 2020.  Defs.' RJN Ex. G ("MSJ").  The City sought summary judgment that, among other things, the Structure was a public nuisance and Ms. Wang must "pay the fines levied by the City for her code violations."  *Id.* at 16-17, 19.

On August 27, 2020, at 9:00 a.m. the state court held a hearing on the City's motion for summary judgment.  SAC ¶ 11.  Ms. Wang attempted to attend the hearing but was "barred outside court while [the] City had access to court during COVID."  SAC ¶ 11; *see also* Defs.' RJN Ex. I ("MSJ Minute Order").  The court granted summary judgment for the City.  MSJ Minute Order 1.  The court later entered a written order.  RJN Ex. J ("MSJ Order").  The order held, in relevant part, that:

> Wang cannot prevail on her Petition pursuant to Government Code section 53069.4(b)(1).  Applying the de novo review standard required by Government Code section 53069.4(b)(1), the Court finds that the undisputed evidence . . . establishes that the unpermitted accessory structure ("Structure") in the backyard of Wang's property . . . violates Cupertino Municipal Code sections 16.02.050 (requiring a building permit to construct a structure of greater than 120 square feet), 19.100.030.B.2.d.ii and iii (requiring a structure to be set back a minimum of 3 feet from the property's rear and side boundaries), 19.100.030.B.2.g (requiring that an accessory structure in a residential zone be limited to one story), and 19.100.030.B.2.h.1 and 19.100.030.B.2.h.2 (requiring that the maximum wall plane height not exceed 7 feet beginning at 3-foot setback from the property line). . . .
>
> Wang cannot prevail on her Petition pursuant to Code of Civil

3

Procedure section 1094.5 because evidence in the record indicates that (1) Wang was afforded a fair administrative hearing that provided her reasonable notice, a reasonable opportunity to be heard, and a reasonably impartial review; and (2) because the City did not abuse its discretion in imposing fines for the code violations set forth . . . above. . . .

The City prevails in its First Cause of Action (Abatement of Public Nuisance) because the Structure violates the City's building and zoning regulations and is therefore a public nuisance.

MSJ Order §§ 2.b-d.

The state court entered judgment in favor of the City and against Ms. Wang on March 29, 2021. Defs.' RJN Ex. K ("State Ct. Judgment"). In the judgment, the state court denied Ms. Wang's Petition for Writ of Mandate, denied all relief sought by Ms. Wang, and declared the Structure a public nuisance. *Id.* at 2. The state court further ordered that Ms. Wang must apply for a demolition permit from the City to remove the Structure within 30 days and remove the Structure within 30 days after issuance of the permit. *Id.*

### E.    Abatement Warrant and Removal of the Second Structure

On November 23, 2021, the City applied *ex parte* to Santa Clara County Superior Court for an abatement warrant. SAC ¶ 14; *see also* Defs.' RJN Ex. L ("Abatement Warrant Appl."). The case was assigned case number 21cv390796. Abatement Warrant Appl. The Court issued the warrant on November 29, 2021. Defs.' RJN Ex. M ("Abatement Warrant"). The warrant authorized the City to "enter the Property and abate the public nuisance by demolishing and/or removing the unpermitted accessory structure." *See id.* § 1.

On December 2, 2021, Ms. Wang filed an objection to the warrant and motion for preliminary emergency injunctive relief. Defs.' RJN Ex. N ("Warrant Objection"). She filed this objection in the docket of her first lawsuit (case number 19cv347316), not in the docket for the abatement warrant proceedings. *See id.*; *see also* SAC ¶ 19.

On December 6, 2021, the City entered Ms. Wang's property and removed the structure. SAC ¶ 15.

### F.    Additional State Court Lawsuits

Ms. Wang has filed two additional lawsuits in Santa Clara County Superior Court. *See* Defs.' RJN Ex. H ("Compl. II"); Defs.' RJN Ex. U ("Compl. III"). The first was filed on August

United States District Court
Northern District of California

4

18, 2020, and was assigned case number 20cv369469.  *See* Compl. II.  The second was filed on October 11, 2022, and was assigned case number 22cv404353.  Compl. III.

### G.    This Lawsuit

Ms. Wang filed her complaint in this matter on November 3, 2022.  *See* Compl., ECF No. 1.  In response to two court screening orders, Ms. Wang twice amended her complaint and is now on her Second Amended Complaint.  *See* SAC; Screening Order I, ECF No. 5; Screening Order II, ECF No. 8.

Ms. Wang brings eight claims in her Second Amended Complaint: (1) violation of the Due Process Clause of the 14th Amendment of the United States Constitution; (2) violation of the Equal Protection Clause of the 14th Amendment of the United States Constitution; (3) violation of California's Tort Claim Act; (4) "violations of civil rights, bill of rights, deprivation of civil rights under color of law"; (5) "violations bar on enacting ex post facto law"; (6) "violations of prohibition against bills of attainder"; (7) "retaliation"; and (8) "violations of 5th Amendment." SAC ¶¶ 18-52.

## II.    LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). However, under the "incorporation by reference" doctrine, the Court also may consider documents which are referenced extensively in the complaint and which are accepted by all parties as authentic. *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), abrogated on other grounds by *S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008).

If the Court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (internal quotation marks and citation omitted). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III.    REQUEST FOR JUDICIAL NOTICE

Before turning to the substance of Defendants' motion, the Court addresses the parties' requests for judicial notice. Under Federal Rule of Evidence 201, a Court may take judicial notice of a fact that is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201.

### A.    Defendants' Request for Judicial Notice

Defendants request that the Court take judicial notice of exhibits that fall into five categories: (1) court documents; (2) enforcement letters; (3) an administrative citation; (4) administrative record documents; and (5) municipal code sections. The Court finds addresses each category in turn.

First, Defendants request that the Court take judicial of documents filed in state court proceedings. *See* Defs.' Req. for Judicial Notice ("RJN"), at 6 & Exs. A-BB. A court may "take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted). Defendants' request that the Court take judicial notice of the existence of Exhibits A through BB to Defendants' RJN is GRANTED. However, the request is granted only as to the existence of the documents, not as to the truth of their contents. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

Second, Defendants request that the Court take judicial notice of certain enforcement notices sent to Ms. Wang by Defendants by the City of Cupertino. *See* Defs' RJN 6-7 & Exs. CC-GG. Ms. Wang objects to certain findings in these notices but does not dispute their authenticity. *See* Opp'n 20. Defendants' request that the Court take judicial notice of the existence of the notices is thus GRANTED. *See Cork v. CC-Palo Alto, Inc.*, 534 F. Supp. 3d 1156, 1171 (N.D. Cal. 2021). The Court does not take judicial notice of any disputed facts within the notices.

Third, Defendants request that the Court take judicial notice of an "Administrative Citation" issued by the City of Cupertino. *See* Defs.' RJN Ex. HH. A Court may consider documents upon which a complaint "necessarily relies." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). The Court finds that the Complaint necessarily relies on the Administrative Citation because "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim[s]; and (3) no party questions the authenticity of the document." *See id.* The SAC refers to the Administrative Citation when it states that the City issued Ms. Wang a "five-figure fine threat." SAC ¶ 5. This document is central to Ms. Wang's claims, as she challenges the fine issued in the Administrative Citation as unlawful. *See, e.g.*, SAC ¶ 45. And no party challenges the document's authenticity. In fact, Ms. Wang relies on the document in her Opposition. *See* Opp'n 18. Accordingly, the Court considers Exhibit HH as incorporated by reference into the complaint.

Fourth, Defendants request that the Court take judicial notice of certain records of an administrative body. *See* Defs.' RJN 7 & Exs. II, JJ. Specifically, Defendants request that the

1   Court take judicial notice of an "Administrative Citation Appeal Hearing Request Form," RJN Ex.

2   II, and a "Result of Administrative Hearing," RJN Ex. JJ.  "A court may . . . take judicial notice of

3   records and reports of administrative bodies."  *California Sportfishing Prot. All. v. Shiloh Grp.,*

4   *LLC*, 268 F. Supp. 3d 1029, 1038 (N.D. Cal. 2017).  But "only the existence of the documents

5   themselves including the findings therein are judicially noticeable, and not the contents of the

6   documents for the truth of the matters asserted."  *Id.*  The Court thus takes judicial notice of the

7   existence of Exhibits II and JJ.

8        Fifth, Defendants request that the Court take judicial notice of sections of the Cupertino

9   Municipal Code.  *See* Defs.' RJN 6-7 & Ex. KK.  Defendants' request for judicial notice of the

10  proffered municipal code sections is GRANTED, as municipal codes and ordinances are proper

11  subjects for judicial notice.  *Tollis, Inc. v. Cty. of San Diego*, 505 F.3d 935, 938 n.1 (9th Cir.

12  2007).

13       **B.    Plaintiff's Request for Judicial Notice**

14       Ms. Wang attached seven exhibits to her Opposition.  *See* Opp'n 18.  Ms. Wang does not

15  expressly request that the Court take judicial notice of the documents.  The Court nevertheless

16  considers whether the documents are judicially noticeable.  *See* Fed. R. Evid. 201(c)(1).

17       Exhibit 1 to Ms. Wang's Opposition is the same document as Exhibit A to Defendants'

18  RJN.  *See* Ex. 1, ECF No. 34-1.  As explained above, the Court takes judicial notice of the

19  existence of this document.

20       Exhibit 1b to Ms. Wang's Opposition is a Declaration that was filed in a state court

21  proceeding.  *See* Ex. 2, ECF 34-2.  The Court takes judicial notice of the existence of this

22  document but does not take notice of facts asserted in the document for their truth.  *See Lee*, 250

23  F.3d 668 at 690.

24       Exhibits 2 through 6 to Ms. Wang's Opposition are a photo, "permit," possible excerpt of a

25  court document, possible form interrogatories, and "appeal letter," respectively.  *See* Opp'n 18 &

26  Exs. 2-6, ECF Nos. 34-3, 34-4, 34-5, 34-6, 34-7.  Ms. Wang has not identified which facts she

27  contends are judicially noticeable concerning these documents.  Nor has she provided sufficient

28  information about the documents for the Court to determine whether any such facts are generally

United States District Court
Northern District of California

8

known within the Court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  *See* Fed. R. Evid. 201.  The Court therefore does not take judicial notice of the existence of these documents or any facts asserted within them.

## IV.    DISCUSSION

Ms. Wang alleges claims under federal and state laws.  The Court first considers Ms. Wang's federal law claims and then turns to her state law claims.

### A.    Federal Law Claims

#### 1.    Claim 1: Violation of the Due Process Clause of the 14th Amendment

Ms. Wang brings her first claim under 42 U.S.C. § 1983 against all Defendants for alleged violations of the Due Process Clause of the 14th Amendment.  Ms. Wang's claim asserts both procedural and substantive due process violations.

#### a.    Procedural Due Process

The bases for Ms. Wang's procedural due process claim are not clear from her Second Amended Complaint.  In her Opposition, Ms. Wang states that Defendants' "$16,800 administrative fine deprived [her] of [a] substantial property interest" and explains that "the crux of [her] procedural due process claim against the City is that the City's enforcement and citation practice did not follow its own Municipal Codes."  *See* Opp'n 6; *see also* Opp'n 7 ("Defendants deprived Plaintiff of due process by violating their own procedures under the Municipal Code.").

As an initial matter, Ms. Wang does not identify where she includes these allegations in the SAC, and the Court has not found those allegations.  The allegations therefore cannot defeat Defendants' motion to dismiss.  *See Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir.1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original).  The Court will nevertheless consider the allegations, as they may be relevant to the Court's determination of whether to grant Ms. Wang leave to further amend her complaint.  *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("Facts raised for the first time in plaintiff's opposition papers should be considered by the

1    court in determining whether to grant leave to amend or to dismiss the complaint with or without

2    prejudice.").

3          Defendants argue that Ms. Wang's claim fails because it is barred by issue preclusion and

4    the statute of limitations.  *See* Mot. 16-17, Reply 7-9.  Regarding issue preclusion, Ms. Wang

5    argues that her claim is not barred by issue preclusion because the prior lawsuit and this action do

6    not involve "identical issues."  Opp'n 5.  Ms. Wang does not directly respond to Defendants'

7    argument that her procedural due process claim is barred by the statute of limitations.

8          The Court first addresses Defendants' issue preclusion argument.  Issue preclusion "bars

9    'successive litigation of an issue of fact or law actually litigated and resolved in a valid court

10   determination essential to the prior judgment.'"  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)

11   (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)).  A federal court looks to California

12   preclusion law to determine whether to apply issue preclusion based on a California state court

13   ruling.  *McInnes v. State of Cal.*, 943 F.2d 1088, 1092-93 (9th Cir. 1991).  Under California law,

14   issue preclusion applies: "(1) after final adjudication (2) of an identical issue (3) actually litigated

15   and necessarily decided in the first suit and (4) asserted against one who was a party in the first

16   suit or one in privity with that party." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 825 (2015).

17   In considering whether these criteria have been met, courts look carefully at the entire record from

18   the prior proceeding, including the pleadings, the evidence, the jury instructions, and any special

19   jury findings or verdicts.  *Hernandez v. City of Pomona*, 46 Cal. 4th 501, 511 (2009).

20         Here, the first and fourth elements are not in dispute.  Ms. Wang's prior state court lawsuit

21   has reached final adjudication.  *See* Def's RJN Ex. Z ("Order Den'g Mot. for New Trial"), at 2.

22   And Ms. Wang was of course a party to that litigation.

23         Ms. Wang challenges the second—"identical issue"—element.  *See* Opp'n 5.  In the prior

24   lawsuit, Ms. Wang filed a Petition for Writ of Mandate challenging the City's "$16,000+ fine."

25   Pet. for Writ of Mandate 1, 3.  The City argued on summary judgment that the fine was reasonable

26   and had been correctly calculated in compliance with the Municipal Code.  MSJ at 20.  The court

27   agreed, holding that Ms. Wang "cannot prevail on her Petition . . . because evidence in the record

28   indicates that (1) Wang was afforded a fair administrative hearing that provided her reasonable

United States District Court
Northern District of California

10

1    notice, a reasonable opportunity to be heard, and a reasonably impartial review; and (2) because

2    the City did not abuse its discretion in imposing fines." MSJ Order § 2.c. This is the exact issue

3    Ms. Wang now seeks to relitigate. Specifically, Ms. Wang argues again that the City incorrectly

4    calculated its fine under its own procedures. *See* Opp'n 6-7. Accordingly, the Court finds that the

5    "identical issue" element of claim preclusion is satisfied.

6            The Court also finds the third—" actually litigated and necessarily decided"—element is

7    satisfied. "When an issue is properly raised, by the pleadings or otherwise, and is submitted for

8    determination, and is determined, the issue is actually litigated." *Murphy v. Murphy*, 164 Cal. App.

9    4th 376, 400 (2008) (citation omitted). Whether an issue was "necessarily decided" has been

10   "interpreted to mean that the issue was not 'entirely unnecessary' to the judgment in the prior

11   proceeding." *Castillo v. City of Los Angeles*, 92 Cal. App. 4th 477, 482 (2001) (citation omitted).

12   Here, as noted above, the issue of the proper calculation of Ms. Wang's fine was raised in the

13   City's motion for summary judgment. The court necessarily decided the issue when it held that

14   the City did not abuse its discretion in issuing the fine. The third element of issue preclusion is

15   therefore also satisfied.

16           Accordingly, Ms. Wang's procedural due process claim is barred by issue preclusion

17   because it hinges on whether Defendants properly applied their codes to determine her fine—an

18   issue the parties actually litigated and necessarily decided in a prior proceeding. *See Harold v.*

19   *Wells Fargo Bank, N.A.*, No. 19-CV-08020-JST, 2020 WL 3867203, at *5 (N.D. Cal. May 29,

20   2020).

21           The Court next addresses whether Ms. Wang's challenges to the adequacy of Defendants'

22   notices and the fine are barred by the statute of limitations. *See* Opp'n 6-7. The statute of

23   limitations for a procedural due process claim under Section 1983 brought in California is two

24   years. *Morgan v. Komers*, 151 F. App'x 546, 548 (9th Cir. 2005) (citing *Jones v. Blanas*, 393

25   F.3d 918, 927 (9th Cir. 2004)). "Although state law determines the length of the limitations

26   period, federal law determines when a civil rights claim accrues." *Knox v. Davis*, 260 F.3d 1009,

27   1013 (9th Cir. 2001) (citation omitted). "Under federal law, 'a claim accrues when the plaintiff

28   knows or has reason to know of the injury which is the basis of the action." *Id.* (internal quotation

United States District Court
Northern District of California

marks and citation omitted).  Here, the notices and the fine were issued on or before January 8, 2019.  *See* Courtesy Not. (Oct. 25, 2018); Violation Not. (Nov. 20, 2018); Pre-Citation Not. (Dec. 16, 2018); Administrative Citation (Jan. 8, 2019).  The administrative appeal of the fine was complete by April 11, 2019.  *See* Result of Administrative Hearing.  Thus, the latest Ms. Wang had reason to know of the injury that forms the basis of her claim was April 11, 2019.  Ms. Wang filed the complaint in this action more than two years later—on November 3, 2022.  Ms. Wang's procedural due process claim is thus barred because she filed it outside of the statute of limitations.

Defendants' motion to dismiss Ms. Wang's procedural due process claim is GRANTED.  Because the bases upon which Ms. Wang relies to state her claim are barred by both issue preclusion and the statute of limitations, the Court finds that further amendment would be futile.  The Court therefore dismisses the claim WITHOUT LEAVE TO AMEND.

### b.  Substantive Due Process

Like the bases for her procedural due process claim, the bases for Ms. Wang's substantive due process claim are not clear from the SAC.  In her Opposition, Ms. Wang asserts that "Defendants' code enforcement and citation practice is arbitrary and unconscionable."  Opp'n 7.  To support this assertion, Ms. Wang notes that it is unclear to her how Defendants determined the days for which she would be cited.  *Id.* at 8.  Again, Ms. Wang does not tie the allegations in her Opposition to her allegations in the SAC, but the Court nevertheless considers the new allegations to determine whether to grant leave to amend.

Like her procedural due process claim, Ms. Wang's substantive due process claim appears to challenge to the City's determination of its fine.  As explained above, Ms. Wang is barred under issue preclusion from relitigating the propriety of the fine.  *See Harold*, 2020 WL 3867203, at *5.  Also as explained above, the claim is barred under the two-year statute of limitations, as the fine was issued in January 2019 and upheld by the City in April 2019—more than two years before Ms. Wang filed this lawsuit.  *See Morgan*, 151 F. App'x at 548.  Thus Ms. Wang's claim is subject to dismissal on either of these bases.

Ms. Wang argues that the statute of limitations does not bar this claim because

1  "Defendants continue[] to ask [her] to pay and threaten to enforce the administrative fine."  Opp'n

2  8.  Ms. Wang offers no authority that supports her argument that the statute of limitations to

3  challenge a fine is extended by continued attempts to collect the fine, and the Court is aware of

4  none.  To the contrary, Ninth Circuit precedent appears to preclude Ms. Wang's argument.  *Cf.*

5  *Knox*, 260 F.3d at 1013 (attorney's claim for withdrawal of visitation privileges accrued from date

6  attorney received notice privileges were withdrawn not later denials of access to clients).  Thus,

7  the Court finds that the City's continued attempts to collect the fine do not extend the statute of

8  limitations to challenge the fine.

9         Defendants' motion to dismiss Ms. Wang's substantive due process claim is GRANTED.

10  The Court again finds that amendment would be futile because the bases upon which Ms. Wang

11  relies to state her claim are barred by both issue preclusion and the statute of limitations.  The

12  Court therefore dismisses the claim WITHOUT LEAVE TO AMEND.

13         **2.  Claim 2: Violation of the Equal Protection Clause of the 14th Amendment**

14         Ms. Wang alleges that Defendants violated the Equal Protection Clause of the 14th

15  Amendment.  Defendants argue that Ms. Wang's claim should be dismissed because Ms. Wang

16  has failed to plead sufficient facts to plausibly state a claim and because the claim is barred by the

17  statute of limitations.  Mot. 18-19.  Ms. Wang responds that the City discriminated against her

18  based on "marital status, national origin[], spoken language, sex, household status, either elder or

19  very young."  Opp'n 8.

20         The Court finds that Ms. Wang has failed to plead necessary facts to state her claim.  "A

21  plaintiff may state an equal protection claim by alleging facts showing that the defendant

22  discriminated against him/her based on membership in a protected class, or that similarly situated

23  individuals were intentionally treated differently."  *Wilson v. City of Walnut Creek*, No. 20-CV-

24  02721-PJH, 2020 WL 6462391, at *3 (N.D. Cal. Nov. 3, 2020) (citations omitted).  Here, Ms.

25  Wang alleges that she is in a protected class, but she includes no factual allegations to plausibly

26  suggest that Defendants discriminated against her on that basis.  Nor does she allege any facts to

27  suggest that similarly situated individuals were treated differently.  Accordingly, Ms. Wang has

28  failed to state an equal protection claim for this independent reason.

The Court also finds that Ms. Wang's claim is barred by the statute of limitations. "Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (citation omitted). "Under federal law, 'a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Id.* (internal quotation marks and citation omitted).  Here, Ms. Wang's claim is based on Defendants' enforcement actions, which began in 2018 and culminated with the Administrative Citation that was issued in 2019 and upheld by the City in April 2019. Courtesy Not. (Oct. 25, 2018); Violation Not. (Nov. 20, 2018); Pre-Citation Not. (Dec. 16, 2018); Administrative Citation (Jan. 8, 2019); Admin. Hr'g Result Notice.  Thus, Ms. Wang's cause of action accrued by April 2019, and the statute of limitations ran before this action was filed in November 2022.

Defendants' motion to dismiss Ms. Wang's equal protection claim is GRANTED.  The Court finds that further amendment would be futile and therefore dismisses the claim WITHOUT LEAVE TO AMEND.

### 3. Claim 4: "Violation of Civil Rights, Bill of Rights, Deprivation of Civil Rights Under Color of Law"

Ms. Wang brings a claim against the City for "violations of civil rights, Bill of Rights, deprivation of civil rights under color of law."  In their motion to dismiss, Defendants interpret Ms. Wang's claim as asserting two violations: (1) a violation of the Bill of Rights of the United States Constitution and (2) a violation of 18 U.S.C. § 242.  *See* Mot. 22 & n.1.  Ms. Wang does not dispute this interpretation.

The Court first addresses Ms. Wang's claim for violation of the Bill of Rights of the United States Constitution.  "Rule 8(a) [of the Federal Rules of Civil Procedure] requires that a complaint be specific and clear enough for the court and defendants to understand the nature of plaintiff's claims." *Evans v. All. Funding*, No. 10-CV-03200-MMM-RZX, 2010 WL 11479358, at *11 (C.D. Cal. Aug. 12, 2010).  Ms. Wang's claim for violation of the Bill of Rights of the United States Constitution fails to meet this standard because it "fails clearly to identify the claims [Ms. Wang] asserts [and] their legal basis." *See id.* (citing *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th

1    Cir. 1996)).  The Bill of Rights includes ten constitutional Amendments and even more potential

2    claims.  Ms. Wang's blanket invocation of the Bill of Rights does not put Defendants or the Court

3    on notice of the basis for her claim.

4           Moreover, an examination of Ms. Wang's allegations reveals that her claim is founded on

5    the theory that the "City didn't follow [its] own muni code to have a neutral appeal."  SAC ¶ 36.

6    But in Ms. Wang's first state court action, the court held that Ms. Wang could not prevail on her

7    Petition for Writ of Mandate because the evidence showed that she "was afforded a fair

8    administrative hearing that provided her reasonable notice, a reasonable opportunity to be heard,

9    and a reasonably impartial review."  MSJ Order § 2.c.  Ms. Wang is barred by issue preclusion

10   from relitigating the sufficiency of the City's process for addressing her appeal of the citation

11   because that was already litigated in her previous suit.  *See DKN Holdings*, 61 Cal. 4th at 827.

12          The Court next addresses Ms. Wang's claim for violation of 18 U.S.C. § 242.  As a

13   criminal statute, 18 U.S.C. § 242 provides no basis for a private right of action.  *See Aldabe v.*

14   *Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (recognizing that 18 U.S.C. § 242 "provide[s] no

15   basis for civil liability").  Ms. Wang therefore cannot bring a claim under this statute.

16          Defendants' motion to dismiss Ms. Wang's claim for "violations of civil rights, Bill of

17   Rights, deprivation of civil rights under color of law" is GRANTED.  The Court finds that

18   amendment would be futile because Ms. Wang's allegations reveal that the Ms. Wang's claim is

19   barred by issue preclusion.  The Court also notes that Ms. Wang is now on her Second Amended

20   Complaint and has had the benefit of multiple screening orders in attempting to cure deficiencies

21   in her claims—including orders explaining that she cannot bring a claim under 18 U.S.C. § 242.

22   Given the futility of amendment and Ms. Wang's failure to state a viable claim despite multiple

23   opportunities to cure her pleadings, the Court dismisses the claim WITHOUT LEAVE TO

24   AMEND.

### 4.   Claim 5: Violations of Bar on Ex Post Facto Laws

26          Ms. Wang alleges that the City violated the bar on ex post facto laws.  Defendants argue

27   that this claim fails because the SAC does not allege that the City enacted and enforced any law

28   imposing criminal punishment on Ms. Wang for actions that took place before the law's

1    enactment.  Mot. 24.  Ms. Wang does not directly address Defendants' argument, but she asserts

2    that her claim should not be dismissed because "she was told . . . that no permit was needed [for

3    the Structure]."  Opp'n 14.

4         Both the federal and state Constitutions prohibit ex post facto laws.  *See* U.S. Const., art. I,

5    § 10; Cal. Const., art. I, § 9; *Collins v. Youngblood* 497 U.S. 37, 41 (1990); *Tapia v. Superior*

6    *Court* 53 Cal.3d 282, 288 (1990).  The Court addresses only Ms. Wang's federal constitutional

7    claim in this section.  "To fall within the *ex post facto* prohibition, a law must be retrospective—

8    that is, it must apply to events occurring before its enactment—and it must disadvantage the

9    offender affected by it by altering the definition of criminal conduct or increasing the punishment

10   for the crime.  *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (internal quotations and citations

11   omitted).

12        Here, Ms. Wang's claim fails because she has not identified a retrospective law that

13   disadvantaged her.

14        Moreover, judicially noticeable documents suggest that she would not be able to identify

15   any such law.  The Administrative Citation issued to Ms. Wang identified six codes that she

16   purportedly violated.  *See* Administrative Citation (Jan. 8, 2019) (citing 2016 Cal. Residential

17   Code § R105.1 and Cupertino Municipal Codes 19.100.030.B.2.d.ii; 19.100.030.B.2.d.iii;

18   19.100.030.B.2.g; 19.100.030.B.2.h.1; 19.100.030.B.2.h.2).  The SAC appears to allege that Ms.

19   Wang tore down a previous structure sometime after December 2016 and built the Structure

20   sometime after that.  SAC ¶¶ 3-4.  The California Residential Code cited in the Administrative

21   Citation had an effective date of January 1, 2017, *see* History Note App'x to 2016 California

22   Building Code,[2]  and the Cupertino Municipal Codes were all enacted in 2011, *see* Defs.' RJN Ex.

23   KK ("CMC § 19.100.030").  Thus, Ms. Wang has not stated a claim for a violation of the bar on

24   ex post facto laws, and it does not appear that she could.

25        Defendants' motion to dismiss Ms. Wang's claim for violations of the bar on ex post facto

26   laws is GRANTED.  Ms. Wang is on her Second Amended Complaint and has had multiple

27

28   _____

     [2] Available at https://codes.iccsafe.org/content/CBC2016V1ESJAN18/history-note-appendix.

United States District Court
Northern District of California

1   opportunities to cure deficiencies with the benefit of screening orders from the Court.  Her failure

2   to allege a specific law as the basis for this claim despite those opportunities favors dismissal

3   without leave to amend.  Accordingly, the Court dismisses this claim WITHOUT LEAVE TO

4   AMEND.

### 5.   Claim 6: Violation of the Prohibition Against Bills of Attainder

6   Ms. Wang alleges that the City violated the prohibition against bills of attainder.  A bill of

7   attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable

8   individual without provision of the protections of a judicial trial."  *SeaRiver Mar. Fin. Holdings,*

9   *Inc. v. Mineta*, 309 F.3d 662, 668 (9th Cir. 2002) (quoting *Nixon v. Adm'r of Gen. Servs.*, 433 U.S.

10  425, 468 (1977)).  Bills of attainder are unconstitutional under both the federal and California

11  constitutions.  U.S. Cons. art. 1, §§ 9, 10; Cal. Const. art. 1 § 9; *see also L. Sch. Admission*

12  *Council, Inc. v. State of California*, 222 Cal. App. 4th 1265, 1299 (2014) (applying federal factors

13  to evaluate bill of attainder claim brought under California Constitution).  The Court addresses

14  only Ms. Wang's federal constitutional claim in this section.

15  A statute is an unconstitutional bill of attainder if it (1) specifies the affected persons, and

16  (2) inflicts punishment (3) without a judicial trial.  *SeaRiver*, 309 F.3d at 668 (citing *Selective*

17  *Serv. Sys. v. Minnesota Pub. Interest Research Group*, 468 U.S. 841, 847 (1984)).

18  Defendants argue that Ms. Wang has failed to state a claim for an unlawful bill of attainder

19  because she has not identified any legislative act that could plausibly be read to have targeted her.

20  Mot. 25.  In response, Ms. Wang again argues that the city violated her rights by misapplying its

21  own laws.  *See* Opp'n 14.

22  The Court finds that Ms. Wang has failed to state a claim for an unlawful bill of attainder.

23  As an initial matter, Ms. Wang does not identify a legislative enactment that she believes to

24  constitute a bill of attainder.  Instead, Ms. Wang argues that the City misapplied its own codes.

25  Opp'n 14-15.  This argument says nothing about those codes were legislative enactments that

26  specifically targeted her for punishment without a judicial trial.  More important, it does not

27  identify facts alleged in the SAC that would suggest that the City enacted such a code.

28  Accordingly, the Court finds that Ms. Wang has not alleged any facts to plausibly state a bill of

United States District Court
Northern District of California

attainder claim.

Defendants' motion to dismiss Ms. Wang's bill of attainder claim is GRANTED.  The Court has reviewed the codes that the City enforced against Ms. Wang and finds that any attempt to amend the complaint to allege that these codes were unlawful bills of attainder would be futile. Accordingly, the Court's dismissal of Ms. Wang's bill of attainder claim is WITHOUT LEAVE TO AMEND.

### 6.  Claim 8: Violation of 5th Amendment

Ms. Wang asserts a claim against the City for violation of the Fifth Amendment of the United States Constitution.  She alleges that the City "willfully took property belonging [to her] without notice."  SAC ¶ 48.

Defendants argue Ms. Wang's Fifth Amendment Claim should be dismissed because the due process clause of the Fifth Amendment applies to actions of the federal government.  Mot. 26. Ms. Wang responds that the Fifth Amendment proscribes deprivation of property by the government without due process of law and sets limits on eminent domain.  Opp'n 17.

To the extent Ms. Wang's claim is grounded in the due process clause of the Fifth Amendment, the Court agrees with Defendants that the claim must be dismissed.  "The Due Process Clause of the Fifth Amendment . . . appl[ies] only to actions of the federal government—not to those of state or local governments." *Lee v. City of L.A.,* 250 F.3d 668, 687 (9th Cir.2001) (*citing Schweiker v. Wilson,* 450 U.S. 221, 227 (1981)).  Ms. Wang's Fifth Amendment claim appears to assert a violation of the Due Process clause, as she alleges that the City took her property without notice.  SAC ¶ 47.  Ms. Wang's claim therefore must be dismissed because the Due Process Clause of the Fifth Amendment cannot be asserted against a local government.

The Court notes that the Fourteenth Amendment also contains a Due Process clause.  That clause "explicitly prohibits deprivations without due process by the several States."  *Castillo v. McFadden*, 399 F.3d 993, 1002 (9th Cir. 2005).  The Court therefore considers whether Ms. Wang's allegations could state a claim under the Fourteenth Amendment if she were permitted to amend her complain.

Considering the allegations of the complaint and judicially noticeable materials, the Court

1    finds that Ms. Wang's allegations do not state a claim for deprivation of property without due

2    process the Fourteenth Amendment.  "The fundamental requirements of procedural due process

3    are notice and an opportunity to be heard before the government may deprive a person of a

4    protected liberty or property interest."  *Conner v. City of Santa Ana*, 897 F.2d 1487, 1492 (9th Cir.

5    1990) (citing *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976)).  Ms. Wang's claim appears to be

6    that the City deprived her of property without due process when it removed the Structure from her

7    property.  But in Ms. Wang's first state court proceeding, she and the city litigated whether the

8    Structure was a public nuisance.  *See* MSJ 16-17; MSJ Order § 2.d.  The state court held that the

9    Structure was a public nuisance and issued an order directing Ms. Wang to remove the structure.

10   MSJ Order § 2.d; State Ct. Judgment.  Only after Ms. Wang failed to comply with the order, did

11   the City obtain an abatement warrant and remove the structure.  *See* Abatement Warrant.  Ms.

12   Wang was therefore afforded adequate process because she had notice and an opportunity to be

13   heard before she was deprived of her property.  *See Conner*, 897 F.2d at 1489, 1493 (no due

14   process violation arising from seizure of automobiles by police department where plaintiff had a

15   hearing before the police department and a hearing officer appointed by the city counsel).

16          Ms. Wang also appears to argue that her claim is based in the theory of eminent domain.

17   "Eminent domain is the power of the government to take property for public use without the

18   consent of the owner."  *PennEast Pipeline Co., LLC v. New Jersey*, 141 S. Ct. 2244, 2251 (2021).

19   The Takings Clause of the Fifth Amendment of the United States Constitution, made applicable to

20   the States through the Fourteenth Amendment, prohibits the government from taking private

21   property for public use without just compensation.  *Dolan v. City of Tigard*, 512 U.S. 374, 383-84

22   (1994) (citing *Chicago, B. & Q.R. Co. v. Chicago,* 166 U.S. 226, 239 (1897)).  Thus, it appears

23   that Ms. Wang's invocation of the "eminent domain" may be an attempt to assert that the City

24   owes her just compensation for removing the Structure from her property.

25          This theory fails for two reasons.  First, there are no factual allegations in the complaint

26   that the government took Ms. Wang's property for public use.  It is therefore unclear how Ms.

27   Wang contends the City exercised its eminent domain power.  Second, "[c]ourts have consistently

28   held that a State need not provide compensation when it diminishes or destroys the value of

1   property by . . . abating a public nuisance." *Fouts v. Cnty. of Clark*, 76 F. App'x 825, 827 (9th

2   Cir. 2003) (quoting *Keystone Bituminous Coal Ass'n v. DeBenedictis,* 480 U.S. 470, 492 n. 22

3   (1987)).  Here, judicially noticeable documents show that the government removed the Structure

4   from Ms. Wang's property after the Structure was deemed a public nuisance.  Thus, Ms. Wang is

5   not entitled to compensation for the City's removal of the Structure.

6         Defendants' motion to dismiss Ms. Wang's claim for Violation of the 5th Amendment is

7   GRANTED.  Because judicially noticeable materials show that any attempt to amend this claim

8   would be futile, the claim is dismissed WITHOUT LEAVE TO AMEND.

9         **B.    State Law Claims**

10        Ms. Wang asserts state law claims for violations of the California Tort Claims Act (Claim

11  3); violation of the bar on ex post facto laws (Claim 5); violation of the prohibition against bills of

12  attainder (Claim 6); and "retaliation" (Claim 7).  The only basis Ms. Wang alleges for subject

13  matter jurisdiction in her complaint is federal question jurisdiction.  *See* SAC ¶ 3.  She does not

14  assert that this court has subject matter jurisdiction over her state law claims based on diversity

15  jurisdiction, and it appears that she cannot do so due to lack of diversity.  *See* SAC ¶ 1.  With all

16  federal claims dismissed with prejudice, there is a question as to whether this Court should

17  exercise supplemental jurisdiction over the state law claims.

18        A federal court's exercise of supplemental jurisdiction is governed by 28 U.S.C.

19  § 1367.  Section 1367(a) provides that "in any civil action of which the district courts have

20  original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

21  that are so related to claims in the action within such original jurisdiction that they form part of the

22  same case or controversy under Article III of the United States Constitution."  28 U.S.C.

23  § 1367(a).  A district court may, in its discretion, decline to exercise supplemental jurisdiction

24  over a state law claim where one or more of the following circumstances exists: "(1) the claim

25  raises a novel or complex issue of State law, (2) the claim substantially predominates over the

26  claim or claims over which the district court has original jurisdiction, (3) the district court has

27  dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances,

28  there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c).

United States District Court
Northern District of California

"[E]xercising discretion and deciding whether to decline, or to retain, supplemental jurisdiction over state law claims when any factor in subdivision (c) is implicated is a responsibility that district courts are duty-bound to take seriously." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).  The district court's decision is informed by the "values of economy, convenience, fairness, and comity" articulated by the United States Supreme Court in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).  *Acri*, 114 F.3d at 1001 (internal quotation marks and citation omitted).  Where subject matter jurisdiction is based on federal question jurisdiction, the Ninth Circuit has held that "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (internal quotation marks, citation, and alteration omitted).

The Court finds that the facts do not favor the Court exercising supplemental jurisdiction over the state law claims in this case.  The Court has only preliminarily considered the merits of Plaintiffs' state law claims in its previous screening orders, ECF Nos. 5, 8, 14, so there is little judicial economy that would be hindered by dismissing these claims.  Plaintiffs' state law claims are hereby DISMISSED WITHOUT PREJUDICE.

## V.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss Ms. Wang's claim for violation of the Due Process Clause of the 14th Amendment (Claim 1) is GRANTED WITHOUT LEAVE TO AMEND.

2. Defendants' motion to dismiss Ms. Wang's claim for violation of the Equal Protection Clause of the 14th Amendment (Claim 2) is GRANTED WITHOUT LEAVE TO AMEND.

3. Defendants' motion to dismiss Ms. Wang's claim for "violation of civil rights, Bill of Rights, deprivation of civil rights under color of law" (Claim 4) is GRANTED WITHOUT LEAVE TO AMEND.

4. Defendants' motion to dismiss Ms. Wang's claim for "violations of bar on ex post facto

United States District Court
Northern District of California

laws" under the federal constitution (Claim 5) is GRANTED WITHOUT LEAVE TO AMEND.

5. Defendants' motion to dismiss Ms. Wang's claim for violation of the prohibition against bills of attainder under the federal constitution (Claim 6) is GRANTED WITHOUT LEAVE TO AMEND.

6. Defendants' motion to dismiss Ms. Wang's claim for "violation of the 5th Amendment" (Claim 8) is GRANTED WITHOUT LEAVE TO AMEND.

7. The Court DECLINES to exercise supplemental jurisdiction over Ms. Wang's state law claims.  Those claims are DISMISSED WITHOUT PREJUDICE to refiling in state court.

Dated:  July 19, 2023

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California